UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AARON R. MEALER ]
    Plaintiff, ]
] No. 3 10 0431
] (No. 3:10-mc-0042)
v. ] Judge Echols
]
JEFF LONG, et al. ]
    Defendants. ]

MEMORANDUM

The plaintiff, proceeding *pro se*, is an inmate at the Williamson County Jail in Franklin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Mark Wainwright and Jeff Long, members of the Williamson County Sheriff's Department, seeking damages.

The plaintiff suffers from various mental illnesses for which he requires medication. The plaintiff alleges that the defendants have denied him the medication he needs to control his mental problems.

This action is being brought against the defendants in their official capacities only. As such, the plaintiff is suing the defendants' official office rather than the individuals themselves. Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). In essence, then, the plaintiff's claims are against Williamson County, the municipal entity that operates the

Williamson County Jail. See Kentucky v. Graham, 105 S.Ct. 3099, 3105 (1985).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Williamson County or its agent, the Williamson County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Williamson County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has not alleged that his rights were violated pursuant to a policy or regulation of Williamson County that requires the withholding of medical care. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order will be entered.

Robert L. Echols
United States District Judge